| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| LINDA T. WALKER, | |
|---|---|
| Plaintiff, | Case No. C11-5083-RSM-BAT |
| v. | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Linda T. Walker seeks review of the denial of her Disability Insurance Benefits application. She contends the ALJ erred by (1) failing to find at step two that depression was a severe impairment; (2) improperly evaluating the medical evidence; (3) improperly evaluating her credibility; and (4) improperly evaluating lay witness testimony. Dkt. 21. The parties agree the matter should be remanded but disagree whether for further proceedings or for an award of benefits. Dkt. 25, 27. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Walker is currently 62 years old, has a high school degree, and has worked as a

REPORT AND RECOMMENDATION - 1

customer service representative and heavy machinery operator.[1]  On December 2, 2005, she applied for benefits, alleging disability as of July 1, 2001.  Tr. 74.  Her application was denied initially and on reconsideration.[2]  After conducting a hearing on January 6, 2009, the ALJ found Ms. Walker not disabled.[3]  As the Appeals Council denied Ms. Walker's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[4] the ALJ found:

**Step one:**  Ms. Walker had not worked since July 1, 2001.

**Step two:**  Ms. Walker had the following severe impairments: degenerative disc disease status post laminectomy and discectomy with radiculopathy.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[5]

**Residual Functional Capacity:**  Ms. Walker could lift and carry up to 20 pounds occasionally and up to 10 pounds frequently; she could stand, sit and walk up to six hours in an eight-hour workday; and she could occasionally stoop, crouch, crawl, kneel, balance, and climb stairs, but not climb ladders.  She needed to avoid extreme cold and vibration.

**Step four:**  Ms. Walker could perform her past work and was thus not disabled.

Tr. 11-17.

## DISCUSSION

The parties agree the matter should be remanded.  The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (cert. denied, 531 U.S. 1038 (2000)). The issue turns on the utility of further proceedings.  A remand for an award of benefits is appropriate

---

[1] Tr. 21, 74, 90, 104
[2] Tr. 42, 46.
[3] Tr. 6-17.
[4] 20 C.F.R. §§ 404.1520, 416.920.
[5] 20 C.F.R. Part 404, Subpart P. Appendix 1.

when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138–39 (9th Cir. 2011) (*quoting Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)). This occurs when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence. *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). Where this test is met, the Court will not remand solely to allow the ALJ to make specific findings regarding a claimant's symptoms and limitations. Rather, the Court takes the relevant testimony to be established as true and remands for an award of benefits. *Benecke v. Barnhart*, 379 F.3d at 593. With these principles in mind, the Court turns to Ms. Walker's claims of error.

**A.      The ALJ's step two findings**

Ms. Walker contends the ALJ erred at step two by failing to find depression to be a severe impairment.[6] In specific, she argues the ALJ erred by failing to address Dr. Kristine Harrison's opinion that Ms. Walker's depression caused moderate impairment in concentration pace and persistence. Dkt. 21 at 7. The Commissioner concedes the ALJ so erred, and the record indicates the ALJ should have found at step two, depression to be a severe impairment. Dkt. 25 at 5-6. The record, however, does not show an ALJ would be required to find Ms. Walker disabled based on Dr. Harrison's opinion. Dr. Harrison found:

> CE doc opines she can do simple and complex tasks, slight concentration problem, no social limitations, mild problems with

---

[6] Dkt. 21 at 2, 4-7.

> stress tolerance, no other limits.  A&B) Clmnt can do simple and
> complex work, mild concentration problem.  No problem working
> consistently. C) No limits D) She would do best with routine, low
> stress work.

Tr. 176.  This opinion indicates Dr. Harrison believed Ms. Walker could perform some form or work despite limitations caused by depression.  The Court is not in a position to resolve in the first instance whether the limitations Dr. Harrison found are disabling or not given Ms. Walker's circumstances; that determination is reserved for the ALJ and should be examined on remand.

**B.      Evaluation of the medical evidence**

Ms. Walker contends the ALJ erred in evaluating the opinions of examining doctors Donald Ramsthel, M.D., and Clifford Schostel, M.D.

*1. Dr. Ramsthel*

Dr. Ramsthel examined Ms. Walker on March 25, 2006, and opined she could stand and walk for up to 20 minutes before resting for 10 minutes; she could sit for 30 minutes before needing to change positions; and she could lift 10 pound infrequently and 10 pounds [sic] frequently.  Tr. 188.  The ALJ gave little weight to these opinions finding:

> This conclusion is unsupported by his examination findings.  The
> limited findings detailed by Dr. Ramsthel do not reveal the type of
> significant and laboratory abnormalities one would expect if the
> claimant in fact had such extensive limitations.

Tr. 15.  Ms. Walker contends by making this finding, the ALJ was improperly ignoring Dr. Ramsthel's opinions and substituting his own views for Dr. Ramsthel's medical opinions.  The ALJ's finding clearly shows this is not the case.  First, the ALJ did not ignore Dr. Ramsthel's opinions.  Rather, the ALJ described the doctor's findings (Tr. 12) and then evaluated them as he is entitled to—the ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  The

ALJ then rejected the doctor's opinions about the degree of Ms. Walker's limitations based on the doctor's examination findings. This is a legitimate basis to discount a medical source opinion. An ALJ may reject an examining doctor's opinion if the doctor's opinion is not supported by his own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). An ALJ may also reject an examining doctor's opinion if that opinion is inadequately supported by clinical findings. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). As the ALJ gave proper reasons to reject Dr. Ramsthel's opinions, the Court declines to credit the opinions as true, or as a basis to award benefits in this proceeding.

Although the ALJ's reason for rejecting Dr. Ramsthel's opinions was proper, the Commissioner, nonetheless, submits the issue of Ms. Walker's physical limitations needs to be reevaluated on remand because the ALJ failed to consider all of the medical evidence pertaining to her orthopedic impairments. Dkt. 25 at 6. This includes the medical records of Dr. Albert Luh, M.D., and Kaiser Foundation Health. Tr. 208-300. The Court agrees. On remand, the ALJ should consider all relevant medical records and source opinions and based on this consideration, reevaluate as necessary the opinions of Dr. Ramsthel.

*2. Dr. Schostel*

On April 5, 2001, Dr. Schostel conducted a nerve conduction test on Ms. Walker and opined "these studies reveal the presence of changes which are consistent with an acute [ ] subacute left S1 radiculopathy superimposed on a chronic left S1 radiculopathy." Tr. 298. Dr. Schostel gave no opinions as to what limitations, if any, would be caused by his findings. Hence, the Court cannot say, even crediting the doctor's opinions as true, that the ALJ would be

required to find Ms. Walker disabled. Accordingly, as the ALJ did not address Dr. Schostel's finding, the ALJ erred and that the ALJ should consider the finding along with all other relevant medical evidence on remand.

**C.      Credibility of Ms. Walker**

Ms. Walker argues the ALJ's failed to make a credibility determination regarding her testimony "means that Plaintiff's testimony should be credited" and benefits should be awarded. Dkt. 27 at 3 (Reply brief).[7] The record does not support this argument. The ALJ found Ms. Walker's testimony not fully credible based on her ability to work for some time with her impairments; the lack of medical evidence supporting her claims about the severity of the impairments; and her daily activities. Tr. 14-15. However, as discussed above, the ALJ erred by failing at step two to find depression to be a severe impairment, failing to consider all of the medical evidence and failing to address Dr. Schostel's nerve conduction test. As these errors, affected the ALJ's evaluation of Ms. Walker's credibility, the ALJ should, after properly evaluating the medical evidence, also reevaluate the testimony of Ms. Walker, and Ms. Walker's residual functional capacity. If the ALJ's residual functional capacity assessment is revised, the ALJ will also call a vocational expert to testify about jobs that may exist with a properly framed hypothetical that incorporates all of plaintiff's limitations.

**D.      Lay witness testimony**

Ms. Walker also argues the ALJ erred by failing to address the lay witness testimony of Walter Walker, an error the Commissioner concedes. Mr. Walker stated Ms. Walker's back and

---

[7] Ms. Walker also argues the Court should award benefits because based on the testimony she gave at the hearing conducted by the ALJ, the vocational expert testified there was no work Ms. Walker could perform. Dkt. 27 at 1. But this assumes Ms. Walker's testimony should be credited as true, something which the Court declines to do.

REPORT AND RECOMMENDATION - 6

leg pain causes extreme limitations. Tr. 127.  As noted above, the Court is not in a position to assess Mr. Walker's testimony in the first instance and decide whether it shows Ms. Walker can or cannot perform any work.  These assessments, especially in a case such as this where all of the medical evidence and all of Ms. Walker's severe impairments have not yet been evaluated, are reserved for the Commissioner.  Accordingly, on remand, the ALJ should also reevaluate the testimony of Mr. Walker as part of the five step disability evaluation process.

## CONCLUSION

The Court finds remand for further proceedings is appropriate to allow the Commissioner the opportunity to consider properly all of the lay and medical evidence as a whole and to incorporate all of this evidence into the consideration of plaintiff's credibility and residual functional capacity.  The Court rejects Ms. Walker's contention that further proceedings would be a waste of time and merely give the Commissioner more time to reject Ms. Walker's disability claim.  *See* Dkt. 27 at 4.  If the totality of the evidence establishes disability, as Ms. Walker claims, there is no cause for such cynicism.  Accordingly, as discussed above, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings.

On remand, the ALJ will: (1) reevaluate the opinions of Kristine Harrison, Psy.D., Bruce Eather, Ph.D., Albert Luh, M.D., Clifford Schostel, M.D., Donald Ramsthel, M.D., and Margaret Scott, M.A. and evaluate the medical records of Kaiser foundation; (2) evaluate the lay witness testimony of Walter Walker and reevaluate Ms. Walker's credibility; (3) find for purposes of step two that depression is a severe impairment, and assess this impairment using the five step disability evaluation process; (4) obtain as necessary medical expert testimony regarding Ms. Walker's physical and mental impairments; and (5) call a vocational expert if necessary.

Objections, if any to this Report and Recommendation must be filed and served no later than **February 24, 2012**. If no objections are filed, the matter will be ready for the Court's consideration on **March 2, 2012**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Responses to objections must be filed no later than 14 days after being served with objections. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 10th day of February, 2012.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge